FLORIDA TRUCKING ASSOCIATION, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4884-84.      Filed November 12, 1986.

*Robert R. Statham* and *Andrea C. Ferster,* for the petitioner.

*Carolyn A. Boyer,* for the respondent.

---

OPINION

SWIFT, *Judge*: In a statutory notice of deficiency dated December 1, 1983, respondent determined a deficiency in petitioner's Federal income tax liability for 1978 in the amount of $3,225. After concessions, the sole issue for decision is whether income from the sale of advertising in petitioner's trade magazine constitutes unrelated business taxable income within the meaning of section 512.[1] This case was submitted fully stipulated at the calendar call. The pertinent facts are summarized below.

Petitioner Florida Trucking Association is a nonprofit corporation with its principal office in Tallahassee, Florida. Petitioner was incorporated under Florida law on October 5, 1945, and was recognized by respondent as exempt from Federal income taxes under section 101(7), I.R.C. 1939, the predecessor of current section 501(c)(6). On July 27, 1966, petitioner reincorporated and thereafter obtained from respondent an exemption from Federal income taxes under section 501(c)(6).

Petitioner is a trade association established to enhance the interests of the trucking industry. Its articles of incorporation describe its purpose and objectives as follows:

The general nature of the object of this corporation shall be the advancement of the interests of transporters of property by motor vehicles, and persons engaged in allied industries; the education of those engaged in such transportation, on matters affecting the operation of motor vehicles, including safety facilities, safety devices, and laws governing such operations; to affiliate with or establish reciprocal relations with any other association, group, organization or corporation, commercial or industrial, and with the American Trucking Associations, Inc.; to participate by election of directors in the American Trucking Associations, Inc., and in the activities of such Association nationally; to act as the medium for the expression of views of its members on matters affecting the interests of those engaged in transportation of property and allied industries, services and activities, constituting its membership; to foster and advance safety on the public roads and highways, and the improvement and development of the public highway system, and to do such things as may be proper to create and stimulate a fair and intelligent attitude on the part of the public with respect to the transportation business of its members, and to sponsor fair and intelligent legislation with respect thereto; to promote and foster the

---

[1] All section references are to the Internal Revenue Code of 1954 as in effect during the year in issue.

business and interests of its members, and to distribute to such members and to the public accurate and reliable information on matters of transportation; to do everything feasible and practicable to remove abuses from the business of transportation by motor vehicles; and to promote prosperity and harmony among the members of this Association.

In 1978, petitioner had approximately 650 members and 80 associate members. During 1978, petitioner published a monthly newsletter or magazine entitled Florida Truck News which was provided without charge to its dues-paying members. The magazine also was available to nonmembers at a subscription rate. The average monthly circulation of Florida Truck News in 1978 was approximately 1,650 copies.

Florida Truck News contained news and advertisements of particular interest to the trucking industry. Approximately one-half of the content of each issue of Florida Truck News was devoted to advertising. The advertisements appearing in Florida Truck News generally were similar to advertisements appearing in magazines published by nonexempt organizations. For example, the issue of Florida Truck News published in June of 1978 contained 10 advertisements for the sale of tires, engines, and trailers. Often, a particular advertisement was repeated in several issues of Florida Truck News. For example, Miller Trailers, Inc., placed essentially the same advertisement for its trailers in each issue of Florida Truck News published in 1978, and Thermo King Corp., the manufacturer of a refrigerated transport trailer, placed essentially the same advertisement for its trailers in each issue of the magazine published in the last six months of 1978.

During 1978, petitioner did not use a formal screening process with respect to the content of advertisements appearing in Florida Truck News. The content of the advertisements in each issue was not coordinated with the editorial content of the magazine.

Petitioner timely filed its Federal Exempt Organization Business Income Tax Return (Form 990-T) for 1978 and reported thereon unrelated business income from the sale of advertising in Florida Truck News in the amount of $1,749. In his statutory notice of deficiency, respondent determined that petitioner had additional taxable income from the sale

of advertising based on a reduction in the amount of related costs petitioner reported. Petitioner now contends, however, that its income from the sale of advertising is tax exempt on the ground that all of the advertisements in Florida Truck News are substantially related to petitioner's tax-exempt purpose. If petitioner loses that issue, petitioner concedes the adjustments made by respondent in the notice of deficiency.

Section 511[2] imposes a tax on "unrelated business taxable income" of a tax-exempt organization. The language "unrelated business taxable income" is defined in section 512(a)(1) to mean "the gross income derived by any organization from any unrelated trade or business (as defined in section 513) regularly carried on by it less the deductions allowed by this chapter which are directly connected with the carrying on of such trade or business."

The term "unrelated trade or business" is defined in section 513(a) as—

any trade or business the conduct of which is not substantially related * * * to the exercise or performance by such organization of its charitable, educational, or other purpose or function constituting the basis for its exemption * * *

Based upon the above authority, income from the sale of advertising will be taxable to an exempt organization as unrelated business income if (1) the sale of advertising constitutes a "trade or business," (2) such trade or business is regularly carried on, and (3) the conduct of the trade or business is not substantially related to petitioner's tax-exempt purpose. Sec. 1.513-1(a), Income Tax Regs.; *United States v. American College of Physicians*, 475 U.S. ___

---

[2]SEC. 511. IMPOSITION OF TAX ON UNRELATED BUSINESS INCOME OF CHARITABLE, ETC., ORGANIZATIONS.

(a) CHARITABLE, ETC., ORGANIZATIONS TAXABLE AT CORPORATION RATES.—

(1) IMPOSITION OF TAX.—There is hereby imposed for each taxable year on the unrelated business taxable income (as defined in section 512) of every organization described in paragraph (2) a tax computed as provided in section 11.

\*        \*        \*        \*        \*        \*        \*

(2) ORGANIZATIONS SUBJECT TO TAX.—

(A) ORGANIZATIONS DESCRIBED IN SECTIONS 401(a) AND 501(c).—The tax imposed by paragraph (1) shall apply in the case of any organization (other than a trust described in subsection (b) or an organization described in section 501(c)(1)) which is exempt, except as provided in this part or part II (relating to private foundations), from taxation under this subtitle by reason of section 501(a).

(1986); *United States v. American Bar Endowment*, 475 U.S. ____(1986); *Fraternal Order of Police v. Commissioner*, 87 T.C. 747(1986).

Petitioner concedes that the sale of advertising in Florida Truck News constitutes a business within the meaning of section 513 and that it regularly carries on such business. Petitioner argues, however, that the income it receives therefrom is not taxable under section 511 on the ground that such advertising is substantially related to petitioner's tax-exempt purpose.

Respondent argues that the sale of advertising by a tax-exempt organization, as a matter of law, is not substantially related to the tax-exempt purpose of the organization. After briefs in this case were filed, however, the Supreme Court held that such a per se rule is inappropriate and that whether the sale of advertising by a tax-exempt organization is substantially related to the exempt purpose of the organization raises a question of fact to be determined on a case by case basis. *United States v. American College of Physicians*, 475 U.S. at ____, 106 S. Ct. 1591, 1598-1599 (1986). In that case, the Supreme Court discussed the "stringent standards" that must be met in order to establish that advertising income is substantially related to the exempt purpose of a tax-exempt organization. *United States v. American College of Physicians*, 475 U.S. at ____, 106 S. Ct. at 1599-1600. In holding that the sale of advertising in the Annals of Internal Medicine was not substantially related to the exempt purpose of the American College of Physicians, the Supreme Court explained that—

all advertisements contain some information, and if a modicum of informative content were enough to supply the important contribution necessary to achieve tax exemption for commercial advertising, it would be the rare advertisement indeed that would fail to meet the test. * * * [*United States v. American College of Physicians*, 475 U.S. at ____, 106 S. Ct. at 1599.]

The Supreme Court emphasized that the focus of the inquiry should be on the "manner in which the tax-exempt organization operates its [advertising] business" rather than upon "the educational quality of the advertisements." *United States v. American College of Physicians*, 475 U.S. at ____ , 106 S. Ct. at 1599-1600. The Court noted that

advertisements in the Annals of Internal Medicine were not coordinated with the editorial content of the magazine and did not provide readers of the magazine a systematic presentation of some aspect of the medical profession. 475 U.S. at ___, 106 S. Ct. at 1600. The Court pointed out that many of the advertisements pertained to long-established drugs or medical devices and were repeated in subsequent issues of the magazine which facts "undermin[e] the suggestion that the advertising was principally designed to alert readers of recent developments." *United States v. American College of Physicians*, 475 U.S. at ___, 106 S. Ct. at 1600.

In the instant case, petitioner argues that the sale of advertising in Florida Truck News is substantially related to its exempt purpose because the advertisements inform readers of the magazine (generally, truck drivers) of the availability of, and of the latest developments in, products and services pertinent to the trucking industry. Petitioner contends that such information may, in turn, lower maintenance costs, improve performance, and increase vehicle safety, all of which further petitioner's tax-exempt purpose. In that regard, petitioner relies on *Louisiana Credit Union League v. United States*, 693 F.2d 525, 536 (5th Cir. 1982), which, in dicta, stated generally that the sale of advertising by a tax-exempt business league is one type of activity that may be substantially related to the exempt purpose of such an organization.

Respondent argues that the sale of advertising in Florida Truck News is not substantially related to petitioner's tax-exempt purpose. Respondent points out that petitioner does not formally screen the advertisements in order to determine their accuracy or to coordinate the advertisements with the editorial content of Florida Truck News. Moreover, respondent emphasizes that the advertisements in Florida Truck News are no different from commercial advertisements that appear in magazines or newspapers published by taxable entities. Respondent notes that the advertisements are often repeated from month to month and thus do not serve to alert readers to new developments, products, or services available to the trucking industry.

The sale of advertising ordinarily is conducted by for-profit organizations. The entities that paid for advertise-

ments in Florida Truck News presumably could have and did pay for similar or identical advertisements in other magazines or newspapers that were tax-paying entities. As the Seventh Circuit recently stated—

Where services and goods are available in the marketplace, "a trade association need not provide it to accomplish an exempt purpose." [*Illinois Association of Professional Insurance Agents, Inc. v. Commissioner*, 801 F.2d 987 (7th Cir. 1986), 86-2 USTC par. 9702 at 85,691, 58 AFTR 2d 86-5881 at 86-5886, affg. a Memorandum Opinion of this Court. Citations omitted.]

Upon careful consideration of the stipulated facts and our examination of the advertisements in the 12 issues of Florida Truck News published in 1978 which are part of the record herein, we agree with respondent that the sale of advertising by petitioner is not substantially related to, nor does it importantly contribute to, petitioner's tax-exempt purpose. The advertisements in the various issues of Florida Truck News simply represent straight-forward marketing efforts of the advertisers. No systematic effort is made by petitioner to advertise products that relate to the editorial content of the magazine, and no effort is made by petitioner to limit the advertisements to new products. Petitioner does not use a selection process to screen advertisements prior to publication. Rather, the advertisements that do appear in Florida Truck News are solely the result of traditional commercial marketing techniques. The only relationship they bear to petitioner's exempt purpose is that they promote products pertaining generally to the trucking industry. Such a general relationship was insufficient in *American College of Physicians* to establish the substantial relationship required between the medical advertisements appearing in the Annals of Internal Medicine and the educational purpose of the American College of Physicians. Likewise, such a general relationship herein is insufficient to establish that the advertisements in question are substantially related to the tax-exempt purpose of petitioner. Accordingly,

*Decision will be entered for the respondent.*